JULIETTE KAM OI LEE, CAROL KAM HEONG GON-
ZALES, and STEPHEN TIN LOY WONG, Plaintiffs-
Appellees, *v.* KING FONG WONG, Defendant-
Appellant

NO. 5817

July 6, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA,
MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY RICHARDSON, C.J.

Juliette Kam Oi Lee, Carol Kam Heong Gonzales, and
Stephen Tin Loy Wong, plaintiffs-appellees, brought this

action to impose a constructive trust for the benefit of the plaintiffs upon their respective interests in certain real property located on Huanui Street, Honolulu, Hawaii, which they had conveyed to their father, Ah Poy Wong.

The plaintiffs, together with Cleighton Tin Choy Wong and Robert Lee Hu Wong, are the children of Annie Lin Wong and Ah Poy Wong, who are both now deceased. Annie Lin Wong died intestate in 1964, leaving an undivided one-half interest in the Huanui Street property to her five children as tenants in common, subject to a curtesy interest in Ah Poy, her surviving husband. The remaining one-half interest to the property was retained by Ah Poy who held a tenancy in common. In 1968, Ah Poy married King Fong Wong, defendant-appellant herein.

At trial, the plaintiffs testified about the circumstances attending the conveyances, by release and quitclaim deed, of their respective interests in the Huanui Street property. Juliette Lee testified that her brother Robert told her of her father's wish to sell the property because he could no longer take care of it because of his age. Carol Gonzales testified that her father told her that he wanted to sell some of the property because he was old and could not take care of all of it and because taxes were eating him up. Stephen Wong testified his father told him he wanted to sell some of the property to pay taxes. All of the plaintiffs testified that when Ah Poy asked them to sign the quitclaim deed, he said that he was going to sell some of the property and that he would give them the proceeds of such sale. Juliette Lee testified that her father told her that he would also give his share of the proceeds to his children.

The release and quitclaim deed, conveying their respective interests to Ah Poy, was dated March 6, 1972, and was signed by the plaintiffs and their brothers, Cleighton and Robert Wong, in their respective homes in California. On April 10, 1972, Ah Poy conveyed by release and quitclaim deed his interest in the Huanui Street property to himself and his new wife as tenants by the entireties. Both deeds were recorded on the same day, April 19, 1972.

Ah Poy subsequently died in April, 1973, leaving full title to the subject property to King Fong by virtue of her tenancy in the entirety.

The trial judge found that "at the time the plaintiffs executed [the quitclaim deed], a close family tie [existed] between Ah Poy Wong and his children, and therefore, there existed a confidential relationship among them. . . ." He further found that because of the confidential relation, "the plaintiffs, in executing [the quitclaim deed] relied upon their father's representations to them that he would sell some or all of the subject real property and distribute the proceeds among his children," and that Ah Poy "failed to carry out such promises." He concluded, therefore, that a constructive trust had been imposed upon plaintiffs' interests in the subject property and that the plaintiffs were entitled to an undivided three-tenths interest in the real property.

I

A constructive trust arises where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it. Restatement, Restitution § 160 (1937). A constructive trust will be imposed if a transfer of land was obtained in an abuse of a confidential relationship. *Fairfield* v. *Medeiros*, 58 Haw. 73, 431 P.2d 296 (1967); Restatement, Restitution § 182 (1937), 3 Bogert, *Trusts*, § 482 (1960). Where at the time of the transfer the transferee was in a confidential relation to the transferor, and the transferor relied upon his oral promise to reconvey the land, he is chargeable as constructive trustee of the land for the transferor. 1 Scott, *Trusts* § 44.2 (3d ed. 1967). It is necessary that both a confidential relationship and reliance upon a promise to reconvey induced by that relationship be shown. As Justice Cardozo has written:

"It [is] 'the case of a confidence induced, not by the bare promise of another, but by the promise and the confidential relation conjoined.' (Citation omitted) . . . .

"It is not the promise only, nor the breach only, but unjust enrichment under cover of the relation of confidence,

which puts the court in motion." *Sinclair* v. *Purdy*, 235 N.Y. 245, 253, 139 N.E. 255, 258 (1923).

The basic prerequisites for the application for an "abuse of confidence" constructive trust are: (1) a confidential relationship; (2) conveyance to the grantee based upon, and arising out of a confidential relationship; (3) a promise to hold for, or reconvey to, the grantor or a third person; and (4) a subsequent refusal to reconvey resulting in the grantee's unjust enrichment. *The Confidential Relationship Theory of Constructive Trusts — An Exception to the Statute of Frauds*, 29 Fordham L.R. 561, 563 (1961); *Sinclair* v. *Purdy, supra;* Restatement, Restitution § 160.

It is well established in this jurisdiction that a constructive trust will be imposed only when the evidence is clear and convincing. *Fairfield* v. *Medeiros, supra; De Mello v. De Mello*, 34 Haw. 922 (1939); *Kuwahara* v. *Kuwahara*, 23 Haw. 273 (1916). However, H.R.C.P., Rule 52 provides that "[f]indings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." The appellant argues that appellees have failed to establish a constructive trust by clear and convincing evidence.

II

The appellant argues that there was not clear and convincing evidence to support the trial judge's finding that a confidential relationship existed between Ah Poy and his children.

Kinship, by itself, is not sufficient to establish a confidential relationship. Indeed, relatives are often hostile to, or deal at arms' length with each other. 3 Bogert, *Trusts* § 482 (p. 1459); *Light v. Ash*, 174 Neb. 44, 115 N.W.2d 903 (1962). However, when parties are closely related, the imposition of great trust and the letting down of all guards is natural, and the relationship, coupled with evidence as to intrusting, the status of the parties as to health, age, education and dominance, may lead a court to find that a confidential relationship existed. 3 Bogert § 482. The Restatements of Restitution and Trusts suggest that a confidential relationship exists:

"[W]here, *because of family relationship* or otherwise, *the transferor* is in fact accustomed to be guided by the judgment or advice of the transferee or *is justified in placing confidence in the belief that the transferee will act in the interest of the transferor*." [Emphasis added.] Restatement of Restitution, Comment on Clause (b), § 182, p. 735; Restatement of Trusts, Second, Comment on Subsection (1, b), § 44, p. 116. See *Smith* v. *Connor*, 347 P.2d 568 (Ariz. 1959).

We think that the record supports the finding of a confidential relationship. The testimony of the children indicates that the relationship they enjoyed with their father was one very much in keeping with Chinese tradition. Ah Poy was the head or patriarch of the family who was loved, and respected by his children. In such traditional relationships, the respect, honor, and obedience reposed in a patriarch is predicated on the belief and expectation that the patriarch has acted and will continue to act in the best interests of the family. The children testified that they had faith and confidence in their father. Though Ah Poy was in his seventies, he clearly was dominant in his relationship with his children. Because of his position as family patriarch, he was able to exercise influence and dominion over his children. On the other hand, the relationship with their father was such that the children were justified in being confident that their father would act in their interest and for their benefit. The trial court did not err in finding a confidential relationship.

III

The appellant's final argument is that Ah Poy's oral promise at the time of his children's quitclaims to sell some of the property and divide the proceeds among his children was vague and therefore cannot be the basis for the imposition of a constructive trust. The principle requiring definiteness of trust terms, however, is more applicable to express than constructive trusts. Express and constructive trusts are distinct concepts:

"An express trust and a constructive trust are not divisions of the same fundamental concept. They are not species of the same genus . . . . A constructive trust does not, like an express trust, arise because of a manifestation of an intention to create it, but it is imposed as a remedy to prevent unjust enrichment . . . .

"A constructive trust differs from an express trust in much the same way as a quasi-contractual obligation differs from a contractual obligation. Restatement of Restitution, § 160 at 641.

It is true that there must be a promise to hold or to reconvey by the grantee, and that the conveyance was made in reliance upon the promise. *Sinclair* v. *Purdy, supra;* 3 Bogert § 496; 1 Scott § 44.2. Although a promise must be shown, it need not be expressed orally, and may be inferred from circumstances attending the conveyance. In *Sinclair* v. *Purdy, supra,* in order to avoid the requests of friends who desired him to post bail for them, a court employee conveyed land to his sister intending that she should hold it in trust for him. Justice Cardozo, then New York Court of Appeals judge, found it immaterial that no express promise had been made by the sister since the "whole transaction . . . was 'instinct with an obligation' imperfectly expressed." (p. 258). In *Williams* v. *Grogan,* 100 So. 2d 407 (Fla. 1958), a spendthrift son executed a deed to his mother after his mother's lawyer, while she was present, told the young man that "she will take care of your interest." (p. 409). The Florida Supreme Court found such assurance, coupled with a confidential relationship, adequate to impose a constructive trust. A promise to hold or reconvey may also be inferred from the grantee's silence or acquiescence at the time of the conveyance in light of conditional assertions by the grantor. *Farano* v. *Stephanelli,* 7 A.D.2d 420, 183 N.Y.S.2d 707 (1959); *Janssen* v. *Christian,* 57 S.W.2d 692 (Mo. 1933). As the court expressed it in *Farano, supra* at 712, "[i]n confidential family relationships especially, mutual understanding does not always depend upon words expressly uttered."

We think that as a result of the representations made by

Ah Poy and the attendant circumstances at the time of the conveyance, there existed an understanding that the conveyance was being made so as to facilitate the sale of the property and that Ah Poy would hold the property and attempt to sell it but that beneficial interest in such property conveyed and any proceeds from the sale of any part thereof, were to be for Ah Poy's children. Such understanding contemplated no gift of the children's interest.

As for the question of whether the plaintiffs in fact relied upon Ah Poy's promise or representation in making the conveyances, the evidence lends itself to two conflicting inferences. On one hand, the trial court could have found that the plaintiffs would have made the conveyances even if the promise had not been made, simply out of obedience to their father. The children testified that they learned obedience as children and continued to be obedient to their parents even as adults. On the other hand, the court could and did find that the plaintiffs would not have made the conveyance but for the promise made to them. The plaintiffs testified to this effect, and the trial court, the determinor of credibility, believed them. "'An appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trial judge.'" *Shannon* v. *Murphy*, 49 Haw. 661, 667, 426 P.2d 816, 820 (1967).

We conclude that the record supports the imposition of a constructive trust in that the conveyance of land from the plaintiffs to Ah Poy arose out of a confidential relationship and in reliance upon a promise to hold such land, or the proceeds therefrom, for the benefit of the plaintiffs and that the subsequent retention of such land resulted in Ah Poy's unjust enrichment.

Affirmed.

*W. Y. Char and Tin Chong Goo* for defendant-appellant.

*Steven H. Levinson (Schutter Levinson & O'Brien* of counsel) for plaintiffs-appellees.