**Electronically Filed
Supreme Court
SCWC-13-0000449
15-JUN-2017
08:28 AM**

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---o0o---

IN THE MATTER OF THE ISHIDA-WAIAKAMILO
LEGACY TRUST DATED JUNE 27, 2006

AND

IN THE MATTER OF THE ISHIDA-WINANT
LEGACY TRUST DATED JUNE 27, 2006

SCWC-13-0000449

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-13-0000449, CAAP-13-0000450;
T. NOS. 12-1-0080 and 12-1-0081)

JUNE 15, 2017

RECKTENWALD, C.J., NAKAYAMA, McKENNA, POLLACK, AND WILSON, JJ.

OPINION OF THE COURT BY RECKTENWALD, C.J.

This case arises from the administration of two irrevocable trusts established by Richard and Rachel Ishida: the Ishida-Waiakamilo Legacy Trust (Waiakamilo Trust), and the

Ishida-Winant Legacy Trust (Winant Trust) (collectively, "the Trusts"). The Trusts name as beneficiaries the Ishidas' daughters Jeri S. Wilson (Jeri) and Juney M. Ishida (Juney), and their granddaughter Kauialohaokalani R. Wilson (Kaui), but they expressly exclude the Ishidas' third daughter, Richardeen Kimura (Deenie). Six years after the creation of the Trusts, the Ishidas filed petitions in Probate Court of the First Circuit (probate court) requesting rescission of both Trusts. The Ishidas alleged that they never intended to make the Trusts irrevocable, and that Jeri had wrongfully transferred ownership of property from the Waiakamilo Trust to herself. Jeri and Juney opposed the petitions.

The probate court found that the transfer of property to Jeri had violated the terms of the Waiakamilo Trust, ordering the property returned to the Trust; it declined to rescind or reform the Trusts. The Ishidas appealed to the Intermediate Court of Appeals (ICA), which affirmed the probate court's denial of their petitions.

The Ishidas' Application for Writ of Certiorari presents two issues to this court: 1) whether that the probate court's failure to return the Waiakamilo Trust property to the Ishidas was an abuse of discretion in light of alleged wrongdoing by Jeri, and 2) whether the ICA improperly discounted the evidentiary value of the Ishidas' petitions, which were verified

pursuant to Hawaiʻi Probate Rules (HPR) Rule 5(a).

First, we hold that the probate court did not err in denying the Ishidas' requested relief, as the matter was within the court's equitable discretion. Second, we affirm the ICA's holding that the probate court was not required to accept the Ishidas' petitions at face value, and in doing so we clarify the status of HPR Rule 5(a) statements in relation to other types of testimonial evidence.

## I. Background

The Ishidas hired an attorney to draft documents creating the Trusts, which they executed on June 27, 2006. The Ishidas settled each Trust with a single residential and/or commercial property. Jeri and Juney were named as trustee for the Waiakamilo Trust and Winant Trust, respectively. The Waiakamilo Trust designates Jeri as beneficiary, with full ownership of the Trust's property passing to Jeri's daughter Kaui upon Jeri's death. The Winant Trust provides that its property will be distributed to Juney as beneficiary upon the death of the Ishidas, with full ownership passing to Kaui upon Juney's death. The Trusts are irrevocable, with both including the following provision:

> **Section 3. Irrevocable Trust**
> Our Trust is irrevocable. Except as expressly herein
> provided to the contrary, no Trustor or any other
> person shall have any right or power to alter, amend,
> or in any manner whatsoever modify any of the
> provisions hereof.

3

Additionally, both the Waiakamilo Trust and the Winant Trust specifically exclude the Ishidas' third daughter, Deenie, with both Trusts including the following provision:

> **c. Exclusions**
> We hereby exclude RICHARDEEN R. KIMURA and such person's descendants as beneficiaries under our Trust Agreement, including without limitation for the purposes of intestate succession. For the purposes of our Trust Agreement, all excluded persons shall be treated as having died prior to the execution of our Trust Agreement.

On March 28, 2007, Jeri and the Ishidas executed a series of deeds, transferring ownership of the Waiakamilo Trust property (Waiakamilo Property) from the trust to Jeri personally.

On May 4, 2012, the Ishidas filed in probate court a Petition for Rescission of Warranty Deed, Imposition of Constructive Trust and an Order for Disgorgement related to the Waiakamilo Trust (Waiakamilo Petition), and a Petition for Reformation of Trust and/or Order Setting Aside the Ishida-Winant Trust (Winant Petition). The Ishidas alleged that, although they had asked their attorney to make simple wills and revocable trusts as part of their estate planning, their attorney went against their wishes and designed the Waiakamilo and Winant Trusts to be irrevocable. The Ishidas further claimed that Jeri had schemed with their attorney to transfer the Waiakamilo Property to Jeri personally in the March 28, 2007 deeds. Accordingly, the Ishidas asked the probate court to rescind the

4

deed transferring the Waiakamilo Property to Jeri, and to set aside both Trusts and restore ownership of Trust properties to the Ishidas.  In apparent compliance with HPR Rule 5(a),[1] both petitions included the following text above the Ishidas' signatures:

> THE UNDERSIGNED UNDERSTANDS THAT THIS DOCUMENT IS DEEMED TO INCLUDE AN OATH, AFFIRMATION, OR STATEMENT TO THE EFFECT THAT ITS REPRESENTATIONS ARE TRUE AS FAR AS THE UNDERSIGNED KNOWS OR IS INFORMED, AND PENALTIES FOR PERJURY MAY FOLLOW DELIBERATE FALSIFICATION.

Jeri and Juney (Respondents) disputed the Ishidas' account of the Trusts' creation, claiming that the Ishidas intentionally made the trusts irrevocable because they had disinherited Deenie.  Respondents further contended that Deenie

---

[1]     HPR Rule 5 (1999) provided:

Rule 5. SIGNING OF PLEADINGS.

    (a) Verification of Pleadings; Affidavits. All pleadings (other than those signed by a party's attorney) shall include a statement at the end and before the signature of the person presenting the pleading to the effect that the person understands that the document is deemed to include an oath, affirmation, or statement to the effect that its representations are true as far as the person executing or filing it knows or is informed, and that penalties for perjury may follow deliberate falsification.  Such a statement shall be accepted in lieu of an affidavit as to the facts stated in the pleading.  The signature of an applicant in informal proceedings shall be notarized.

    If a pleading requires consideration of facts not appearing of record or verified as provided above, it shall be supported by affidavit, signed by the person having knowledge of the facts and competent to testify.  An attorney may submit a declaration in lieu of an affidavit to support facts outside of the record.

had recently reconciled with their parents, and that she was behind the petitions.  Respondents also alleged that the transfer of property from the Waiakamilo Trust to Jeri personally had been done with the Ishidas' knowledge in order to avoid "issues" raised by the Ishidas' accountant.  Respondents concluded that "further discovery into the Ishidas' allegations is required as they raise issues of material fact," asking that both petitions be assigned to the civil trials calendar pursuant to HPR Rule 20(a).[2]

The Ishidas replied to Respondents' objections, asserting, "[w]hile the allegations against Deenie are absolutely untrue, they are irrelevant and the Ishidas will not address them."  The Ishidas urged the probate court to grant their petitions forthwith, arguing that "the equities of the case, as well as public policy" required immediate relief.  The Ishidas opposed discovery or otherwise prolonging the proceedings in court, asserting that "the Court has all the information it needs to declare the transfer void and return the [Trust properties] to [their] rightful owners, the Ishidas."

After a hearing, the probate court issued an order rescinding the March 28, 2007 deeds and restoring the Waiakamilo

---

[2]     HPR Rule 20(a) (1995) provides:

    (a) Assignment.  The court by written order may retain
    a contested matter on the regular probate calendar or
    may assign the contested matter to the civil trials
    calendar of the circuit court.

Property to the Waiakamilo Trust, finding that the transfer had violated the terms of the Waiakamilo Trust.  However, the probate court denied all other relief requested.  The Ishidas filed petitions for reconsideration of the orders, which the probate court denied, and final judgment was entered for both petitions on May 2, 2013.

The Ishidas appealed to the ICA, arguing that the probate court erred in 1) failing to "right the injustice done to the Ishidas" by refusing to set aside the Trusts and restore the Properties to the Ishidas, and 2) failing to reform the Trusts because they "were a mistake."  Accordingly, the Ishidas urged the ICA to reform or set aside the Waiakamilo and Winant Trusts, or in the alternative, to impose constructive trusts on the Waiakamilo and Winant Trust properties.

In a published opinion, the ICA examined each of the Ishidas' arguments in turn, finding that the Ishidas had failed to show by clear and convincing evidence circumstances warranting the reformation of the Trusts or other equitable relief.  In re Ishida Waiakamilo Legacy Trust, 138 Hawai'i 98, 103-09, 377 P.3d 39, 44-50 (App. 2016).  Regarding the evidence presented by the Ishidas, ICA stated:

> On appeal, the Ishidas refer to "compelling evidence" and "the clear testimony of the Settlors regarding their own intent and the mistake that was made," in apparent reference to the Ishidas' signatures on the Waiakamilo Petition following a statement that:

THE UNDERSIGNED UNDERSTANDS THAT THIS DOCUMENT IS DEEMED TO INCLUDE AN OATH, AFFIRMATION, OR STATEMENT TO THE EFFECT THAT REPRESENTATIONS ARE TRUE AS FAR AS THE UNDERSIGNED KNOWS OR IS INFORMED, AND PENALTIES FOR PERJURY MAY FOLLOW DELIBERATED FALSIFICATION.

. . . .

As set forth in HPR Rule 5(a), this attestation is accepted in lieu of a sworn affidavit to the same effect, i.e., that the information contained therein is true as far as the affiant knows or is informed, and thus satisfied the requirements of the rule. It is not, however, identical in every way to testimony that has been subject to cross-examination, or a sworn affidavit, or a declaration made under penalty of law, that specified factual statements are true and correct.  It is within the province of the trial court to determine the credibility of a witness and the weight to be given to a witness's testimony. See, e.g., Tamashiro v. Control Specialist, Inc., 97 Hawaiʻi 86, 92, 34 P.3d 16, 22 (2001).  Written testimony that could be based upon limited memory or knowledge, or information and belief, rather than personal knowledge, particularly testimony that purports to reflect the joint recollection and intent of two people, without distinction, might reasonably be viewed as less reliable or less convincing than other forms of evidence.

Id. at 106–07, 377 P.3d at 47–48.

The ICA also determined that the creation of the irrevocable trusts was not "so inherently improvident and unreasonable" that the probate court was required to infer that it was the product of delusion or mental infirmity.  Id. at 109, 377 P.3d at 50 (citing Love v. Love, 17 Haw. 206, 215 (1905)).  Accordingly, the ICA concluded that the probate court did not abuse its discretion when it declined to impose a constructive trust on the Trust properties or otherwise return them to the

8

Ishidas. Id. The ICA thus affirmed the probate court's judgments. Id.

## II.  Standards of Review

### A.  Equitable Relief

"The relief granted by a court in equity is discretionary and will not be overturned on review unless the circuit court abused its discretion by issuing a decision that clearly exceeds the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of the appellant." Aickin v. Ocean View Invs. Co., Inc., 84 Hawai'i 447, 453, 935 P.2d 992, 998 (1997) (internal quotation marks, citation, and brackets omitted).

### B.  Interpretation of Court Rules

The interpretation of a court rule is reviewed de novo. Sierra Club v. Dep't of Transp., 120 Hawai'i 181, 197, 202 P.3d 1226, 1242 (2009).

## III.  Discussion

In their Application for Writ of Certiorari, the Ishidas argue that the ICA erred in 1) holding that the probate court did not abuse its discretion when it declined to impose a constructive trust on the Waiakamilo Property or otherwise return it to the Ishidas; and 2) concluding that the Ishidas' statements in their petitions were "less reliable and less convincing," even though those statements were verified pursuant to HPR Rule 5(a).

9

## A.   Denial of Equitable Relief

The ICA did not err in finding that the Ishidas failed to produce clear and convincing evidence that the Trusts were the result of mistake or other grounds justifying equitable relief.

"A constructive trust arises where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." Kam Oi Lee v. Fong Wong, 57 Haw. 137, 139, 552 P.2d 635, 637 (1976) (citation omitted). Hawai'i courts will impose a constructive trust "where the evidence is clear and convincing" that the grantee will be unjustly enriched if allowed to retain the entire property. Maria v. Freitas, 73 Haw. 266, 274, 832 P.2d 259, 264 (citation omitted). The Restatement (Third) of Property explains the rationale for this high standard:

> When a donative document is unambiguous, evidence suggesting that the terms of the document vary from intention is inherently suspect but possibly correct. . . . Only high-safeguard allowance of extrinsic evidence achieves the primary objective of giving effect to the donor's intention.

Restatement (Third) of Property § 12.1 cmt. b (Am. Law Inst. 2003) (emphasis added).

Here, the Waiakamilo Trust is unambiguous, stating in bold type that it is an irrevocable trust. The Ishidas thus had to offer clear and convincing evidence that Jeri would be unjustly enriched if the Waiakamilo Trust remained unaltered.

10

They failed to do so.  The Waiakamilo Petition made a colorable
argument that the Ishidas did not intend to make the Waiakamilo
Trust irrevocable, but Respondents made an equally plausible
argument that the Ishidas simply changed their minds regarding
the Trusts as a result of their alleged reconciliation with
Deenie.  Moreover, the Ishidas provided little evidence to
support their arguments beyond the bare assertions in the
Waiakamilo Petition, and they opposed discovery or assignment of
their case to the civil trials calendar--steps which might have
allowed them to adduce additional evidence in support of their
position.  Faced with two competing stories and scant evidence,
it was well within the probate court's discretion to deny
equitable relief.  See, e.g., Aickin 84 Hawaiʻi at 449 n.1, 935
P.2d at 994 n.1 ("Equity is a discretionary remedy; the trial
court was not obligated to grant it.").  Thus, the ICA did not
err in affirming the probate court's denial of the Ishidas'
request to impose a constructive trust upon the Waiakamilo
Property.

B.  **Verification**

The Ishidas argue that the ICA erred "because it should
have treated the Ishidas' account of their intent and experiences
as personal, and thus constituted personal knowledge."  In
support of this contention, the Ishidas cite HPR Rule 5(a),
arguing that pursuant to this rule their petitions "had the

11

effect of an affidavit."  The Ishidas also assert that the ICA displayed "uncritical reliance" on similarly verified statements from Respondents' briefs, arguing that there is "no principled reason to treat the Ishidas' and Jeri/Juney's Rule 5(a) statements differently, as the ICA did."[3]  Lastly, the Ishidas argue that the ICA's position "will undermine the Rule 5(a) verification" routinely relied upon in probate filings.

We agree with the Ishidas' argument to the extent that a portion of the ICA's opinion does have the potential to "undermine Rule 5(a) verification."  Referring to the verification language in the Ishidas' petitions,[4] the ICA stated:

> It is not, however, identical in every way to testimony that has been subject to cross-examination, or a sworn affidavit, or a declaration made under penalty of law, that specified factual statements <u>are true and correct</u>.

<u>In re Ishida Waiakamilo Legacy Trust</u>, 138 Hawaiʻi at 107, 377 P.3d at 48 (emphasis in original).

To the extent that this sentence suggests that a statement verified pursuant to HPR Rule 5(a) has less evidentiary

---

[3]     Although the ICA refers to claims made in Respondents' verified statements, it does not make findings regarding the veracity of these claims. <u>See</u>, <u>e.g.</u>, <u>In re Ishida Waiakamilo Legacy Trust</u>, 138 Hawaiʻi at 108, 377 P.3d at 49 ("in her objection, Jeri averred that . . . .")

[4]     As noted above, the following text based on HPR Rule 5(a) is printed above the signature block on the Waiakamilo and Winant Petitions:

> THE UNDERSIGNED UNDERSTANDS THAT THIS DOCUMENT IS DEEMED TO INCLUDE AN OATH, AFFIRMATION, OR STATEMENT TO THE EFFECT THAT ITS REPRESENTATIONS ARE TRUE AS FAR AS THE UNDERSIGNED KNOWS OR IS INFORMED, AND PENALTIES FOR PERJURY MAY FOLLOW DELIBERATE FALSIFICATION.

weight than a sworn affidavit, it is in error. HPR Rule 5(a) provides that a verified statement "shall be accepted in lieu of an affidavit as to the facts stated in the document."[5] A court must thus accord a statement verified pursuant to HPR 5(a) the same evidentiary weight it would a sworn affidavit of identical content.

However, on the whole the ICA's analysis is correct in its affirmance of the probate court's judgments. The ICA did not display "uncritical reliance" on Jeri and Juney's verified petitions, but rather reviewed the record in accordance with the relevant standard. As stated in the ICA's opinion:

> We consider the Ishidas' verification in the context of the clear and convincing evidence standard applicable to their request for equitable relief from the unambiguous terms of the Waiakamilo Trust.

In re Ishida Waiakamilo Legacy Trust, 138 Hawaiʻi at 107, 377 P.3d at 48.

The ICA correctly noted that "it is within the province of the trial court to determine the credibility of a witness and the weight to be given to a witness's testimony." Id. Whether or not the Ishidas' statements in their petitions constituted

---

[5] As noted by the commentary to HPR Rule 5:

Because the Registrar processes a large number of informal applications filed by pro se applicants, it is important to provide an easy mechanism for the Registrar to determine that the applicant is who he or she claims to be. A notarized signature gives the Registrar this proof without adding any significant cost to the probate process.

clear and convincing evidence was a question clearly within the probate court's discretion.  The ICA carefully considered the record, and it correctly concluded that the probate court did not abuse its discretion in declining to impose a constructive trust or other otherwise modify the Trusts in light of the evidentiary burden the Ishidas were required to satisfy.

### IV.  Conclusion

For the foregoing reasons, the ICA did not err in affirming the probate court's judgment.  Thus, the ICA's September 6, 2016 judgment on appeal is affirmed.

| | |
|---|---|
| Margery S. Bronster,<br>Rex Y. Fujichaku, and<br>Angela K.H. Jacso<br>for petitioners | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| | /s/ Sabrina S. McKenna |
| Michael A. Lilly and<br>Valerie M. Kato<br>for respondents | /s/ Richard W. Pollack |
| | /s/ Michael D. Wilson |



14