NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WAYNE FERGERSTROM; SHENANDOAH K. KAIAMA; WINDY K. KAIAMA, individually and on behalf of all persons similarly situated, | No. 18-17012 |
| Plaintiffs-Appellants, | D.C. No. 1:13-cv-00526-DKW-RLP |
| v. | MEMORANDUM* |
| PNC BANK, N.A., a national banking association, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted February 5, 2020
Honolulu, Hawaii

Before: FARRIS, McKEOWN, and BADE, Circuit Judges.

This appeal involves non-judicial foreclosure sales of real property

registered in Hawaii's Land Court. The mortgagors, Wayne Fergerstrom and

Shenandoah and Windy Kaiama (collectively "Appellants"), appeal the district

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

court's grant of summary judgment in favor of the mortgagee, PNC Bank, N.A. ("PNC").[1] The district court concluded that Appellants' tort claims, in which they alleged wrongful foreclosure, unfair and deceptive practices, and unfair methods of competition, and sought monetary damages, were time barred by Hawaii Revised Statute § 501-118 because they filed suit after the transfer certificates of title ("TCTs") were entered. *See* Haw. Rev. Stat. § 501-118. The district court also denied as moot Appellants' motion to certify a class.

Appellants argue that the district court erred in entering summary judgment because there was a genuine dispute regarding when the TCTs were entered for purposes of section 501-118, whether section 501-118's time bar applied to Appellants' claims for money damages, and, if so, whether an exception applied. Appellants also ask this court to take judicial notice of documents and statements in an affidavit.

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's order granting summary judgment de novo, *see Attorneys Liab. Prot. Soc'y, Inc. v. Ingaldson Fitzgerald, P.C.*, 838 F.3d 976, 980 (9th Cir. 2016), and we affirm. We deny the motion for judicial notice. *See* Fed. R. Evid. 201.

1. Appellants ask the court to judicially notice materials that they did not

---

[1] Because the parties are familiar with the facts and procedural background, we include the facts only as necessary to explain our disposition.

submit to the district court when the motion for summary judgment was pending. Those materials do not satisfy the criteria for judicial notice. *See* Fed. R. Evid. 201. We deny the motion.

2. The district court correctly determined that PNC met its burden to show that the TCTs were entered before Appellants brought their action and, thus, Appellants' claims were time barred. *See* Haw. Rev. Stat. § 501-118 ("Nothing in this chapter shall be construed to prevent the mortgagor or other person in interest from directly impeaching by action or otherwise, any foreclosure proceedings affecting registered land, prior to the entry of a new certificate of title."); *see also Wells Fargo Bank, N.A. v. Omiya*, 420 P.3d 370, 377, 380-85 (Haw. 2018) (discussing indicia of the "entry of" a certificate of title). Appellants did not present sufficient evidence to establish a genuine dispute as to that material fact.

3. The district court correctly determined that section 501-118's time bar applied to Appellants' tort claims for money damages. Appellants' claims were based on defects in the non-judicial foreclosure sales of their properties and "directly impeach[ed] . . . the foreclosure proceedings." Haw. Rev. Stat. § 501-118; *see Aames Funding Corp. v. Mores*, 110 P.3d 1042, 1049 (Haw. 2005) (holding that "defenses to mortgages foreclosed upon by exercise of the mortgagee's power of sale must be raised 'prior to the entry of a new certificate of title.'") (quoting Haw. Rev. Stat. § 501-118). Thus, section 501-118 applied.

4.      The district court properly concluded that a constructive fraud or voidness exception did not excuse the time-bar to Appellants' claims. *See Scholes v. Kawaguchi,* 419 P.3d 1029, 1035 (Haw. Ct. App. 2017) (recognizing that "certain fraud claims can challenge the conclusive nature of a certificate of title"); *see also Santiago v. Tanaka*, 366 P.3d 612, 633 (Haw. 2016) ("Where it is determined that the nonjudicial foreclosure of a property is wrongful, the sale of the property is invalid and voidable at the election of the mortgagor, who shall then regain title to and possession of the property.").

The court has considered Appellants' remaining arguments and finds them to be without merit.

**AFFIRMED.**